KENNETH C. BROOKS v. HARRIS BROTHERS PLUMBING
COMPANY AND ANOTHER.
STATE TREASURER, CUSTODIAN OF
SPECIAL COMPENSATION FUND.

207 N. W. 2d 295.

May 4, 1973—No. 43717.

*Raymond W. Fitch,* for relators.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, and *Kenneth McCoy,* Special Assistant Attorney General, for respondent.

PER CURIAM.

An employer, Harris Brothers Plumbing Co., and its compensation insurer seek review of a decision of the Workmen's Compensation Commission denying reimbursement from the special compensation fund.

The employer challenges the commission's finding that medical reports filed with it did not show a preexisting physical impairment of the employee and the finding that he was not deemed registered pursuant to Minn. St. 1967, § 176.131, subd. 4.

The employee sustained a low back injury in 1956 for which he was compensated. The final report of an examining orthopedist concluded that the employee had made a complete recovery without any disability.[1] The employee again injured his back in 1970. Reimbursement from the special compensation fund is sought for benefits paid for that injury.

---

[1] In his initial report the orthopedist did not rule out the possibility of disc injury, but was unable to reach a definite conclusion because of the acuteness of the syndrome at the time of examination.

The relevant sections of § 176.131 provided in part as follows:

"Subd. 3. To entitle the employer to secure reimbursement from the special compensation fund, the following provisions must be complied with:

\* \* \* \* \*

"(b) The employee with a pre-existing physical impairment must have been registered with the commission prior to the employee's personal injury.

"Subd. 4. If the employee's pre-existing physical impairment has been caused by a personal injury for which medical reports, showing the impairment have been filed with the commission and for which compensation has been paid under Chapter 176, the employee shall be deemed to be registered.

\* \* \* \* \*

"Subd. 8. As used in this section the following terms have the meanings given them:

" 'Physical impairment' means any physical or mental condition which is or is likely to be a hindrance or obstacle to obtaining employment."

The evidence supports the commission's finding that the reports which were filed with the commission relating to the 1956 injury, read together and in sequence, do not show an impairment of the kind which permits resort to the special fund under Minn. St. 1967, § 176.131, subd. 4. Unless they are manifestly contrary to the evidence such findings will be not disturbed. Villebrun v. Fryrear, 288 Minn. 478, 183 N. W. 2d 279 (1970); Moorhead v. Grassle, 254 Minn. 103, 93 N. W. 2d 678 (1958).

Affirmed.