DENNIS GOETZ v. BULK COMMODITY CARRIERS AND OTHERS.
DEPENDABLE EXCAVATING COMPANY AND ANOTHER, RESPONDENTS.

226 N. W. 2d 888.

February 28, 1975—No. 44830.

*Cousineau, McGuire, Shaughnessy & Anderson, Robert J. McGuire,* and *John W. Romine,* for relators.

*Chadwick & Johnson* and *Richard Chadwick,* for respondents Dependable Excavating Company and Zurich American Insurance Company.

*Robert A. Nicklaus,* for respondent Goetz.

Heard before Sheran, C. J., and Rogosheske, Peterson, MacLaughlin, and Scott, JJ., and considered and decided by the court en banc.

MACLAUGHLIN, JUSTICE.

Certiorari upon the relation of Bulk Commodity Carriers and its insurer Great American Insurance Company to review a decision of the Workmen's Compensation Commission. Employee, Dennis Goetz, was injured on June 16, 1966, while employed by relator Bulk Commodity Carriers and was again injured on July 21, 1972, while employed by respondent Dependable Excavating Company. Subsequent to the July 21, 1972, injury, a compensation judge ordered that disability, chiropractic and medical payments made to employee, or on his behalf, after November 10, 1972, should be apportioned 50 percent to each employer. The Workmen's Compensation Commission adopted the findings and determination of the compensation judge with the exception that

it ordered future chiropractic expenses to be paid solely by Dependable Excavating Company.

The only issue on this appeal is whether the apportionment of 50 percent to each employer is sustained by the evidence. We hold that it is and affirm the commission.

Both injuries sustained by employee were to the back. As is often the case, there was conflicting evidence as to the extent of injury and as to the extent of contribution, if any, of each injury to the employee's disability. Relators claim that there was no competent medical testimony to support the commission's determination. However, without unduly extending this opinion, our review of the record reveals testimony from the employee's treating doctor, Dr. Arnold L. Hamel, as well as from Dr. Arthur H. Peterson, who testified on behalf of respondents Dependable Excavating Company and Zurich-American Insurance Company, which supports the compensation commission's findings that the personal injury of June 16, 1966, and the personal injury of July 21, 1972, each contributed to the extent of 50 percent to employee's disability and medical expense after November 11, 1972.

■ The first injury to employee was not registered under Minn. St. 176.131, and therefore the Special Compensation Fund is not involved. Hence, the principles of equitable apportionment are to be applied by the Workmen's Compensation Commission. We recently restated this court-made doctrine in Koski v. Erie Min. Co. 300 Minn. 1, 6, 223 N. W. 2d 470, 473 (1973):

"It is true that we have approved application of the equitable principle of apportioning liability between successive employers so as to require each to contribute his proportionate share of the total liability for compensation benefits due an employee. Marsolek v. Miller Waste Mills, 244 Minn. 55, 69 N. W. 2d 617 (1955); Haverland v. Twin City Milk Producers Assn. [273 Minn. 481, 142 N. W. 2d 274 (1966)]. Where disability has resulted from successive accidents under the same employer, we have also approved apportionment of liability between two in-

surers, one of whom represented the employer at the time of the first injury and the other when the second injury occurred. Peterson v. Dairy Distributors, Inc. 269 Minn. 10, 129 N. W. 2d 908 (1964); Carpenter v. Arrowhead Steel Products Co. 194 Minn. 79, 259 N. W. 535 (1935); Peniston v. City of Marshall, 192 Minn. 132, 155 N. W. 860 (1934). However, in each of these cases such apportionment of responsibility was adopted in the absence of governing statute. Although § 176.131 and its predecessor statutes were in force, they were not applicable. The court, therefore, was free to apply equitable principles which advanced the basic fundamental of workmen's compensation laws that the cost of the product or service of each employer shall proportionately 'bear the blood of the workman.' "

In Peterson v. Dairy Distributors, Inc. 269 Minn. 10, 129 N. W. 2d 908 (1964), in which there was a contested apportionment between two insurance carriers, we said that the apportionment decision of the commission "will not be disturbed unless it is manifestly contrary to the evidence or unless consideration of the evidence and inferences permissible therefrom would clearly require reasonable minds to adopt a contrary conclusion." 269 Minn. 18, 129 N. W. 2d 913. Using that standard as our guide, we find that the evidence in this case is sufficient to support the equitable apportionment made by the commission. The apportionment decision can, of necessity, be based on no predetermined and precise formulas, but must be determined based upon the facts of each case. Factors to be taken into consideration in reaching an apportionment decision include, but are not limited to, the nature and severity of the initial injury, the employee's physical symptoms following the initial injury and up to the occurrence of the second injury, and the nature and severity of the second injury.

■ Further, we do not accept relators' contention, made on oral argument, that the 6-year period between employee's two injuries should, as a matter of law, preclude apportionment. The

period of time between the injuries is but one factor for the commission to consider in reaching its determination.

Employee is awarded attorneys fees of $400.

Affirmed.