# VERLIN LUTZ v. SPENCER PACKING COMPANY AND ANOTHER.
## STATE TREASURER, CUSTODIAN OF SPECIAL COMPENSATION FUND.

229 N. W. 2d 14.

April 25, 1975—No. 45106.

*Leibel Law Offices* and *R. V. Illgen,* for relators.

*Warren Spannaus,* Attorney General, *Peter Sipkins,* Solicitor General, and *Winston Ehlmann,* Assistant Attorney General, for respondent state treasurer.

ROGOSHESKE, JUSTICE.

The employer and its insurer seek review of a decision of the Workmen's Compensation Commission denying a claim for reimbursement from the special compensation fund. The ultimate question presented is whether Minn. St. 1969, § 176.131, or Minn. St. 1967, § 176.131, governs the determination of whether the employee's first injury was registered with the commission.

The employee injured his back at work on May 2, 1967. He received payment under the compensation act for his medical expenses, and medical reports were filed with the commission showing a physical impairment. No benefits other than medical expenses were paid. On December 6, 1969, the employee again injured his back at work. He received compensation for medical expenses, for temporary total disability, and for a 25-percent permanent partial disability of the back, 15 percent of which was found to be attributable to the first injury and 10 percent attributable to the second injury. That the 1969 injury was made substantially greater because of the 1967 injury is undisputed.

Minn. St. 1969, § 176.131, subds. 3 and 4, in effect at the time of the 1969 injury, provides:

"Subd. 3. To entitle the employer to secure reimbursement from the special compensation fund, the following provisions must be complied with:

(a) Provisions of section 176.181, subdivisions 1 and 2.

(b) The employee with a pre-existing physical impairment must have been registered with the commission prior to the employee's personal injury.

"Subd. 4. If the employee's pre-existing physical impairment has been caused by a personal injury for which medical reports,

showing the impairment have been filed with the commission *and for which a monetary benefit in excess of medical expense, has been paid* under chapter 176, the employee shall be deemed to be registered." (Italics supplied.)

Prior to April 12, 1969, the effective date of L. 1969, c. 122, Minn. St. 1967, § 176.131, subd. 4, provided:

"If the employee's pre-existing physical impairment has been caused by a personal injury for which medical reports, showing the impairment have been filed with the commission and for which compensation has been paid under Chapter 176, the employee shall be deemed to be registered."

It is clear that if the employee's second injury had occurred prior to the effective date of L. 1969, c. 122, the employer would have been entitled to reimbursement under Minn. St. 1967, § 176.131, subd. 4. The answer to the question presented depends upon whether compliance with subd. 4 of the 1967 statute by the filing of employee's medical reports showing his physical impairment had the same effect as formal registration, and, if so, whether the legislature intended that the more restrictive conditions of Minn. St. 1969, § 176.131, subd. 4, be applied retroactively to prior registrations. The commission, one member dissenting, held that, since no monetary benefit in excess of medical expenses had been paid for the 1967 injury, the special fund was not liable because the 1969 amendment applied retroactively. We agree with the dissent. In our opinion, compliance with Minn. St. 1967, § 176.131, subd. 4, together with the retention of the partially disabled employee, constituted an automatic registration of a physical impairment upon which the employer and compensation carrier had a right to rely. Thus, such compliance should be accorded the same status as formal registration.

In our view, the legislature did not intend to bring about the inequities which would result from giving retroactive effect to the 1969 amendment and, in effect, repealing retroactively the prior statutory provisions for automatic registration on which

4

employers and compensation carriers have justifiably relied. In the absence of language specifically making the 1969 amendment retroactive, we will not so construe it. Minn. St. 645.21.

For these reasons the decision of the commission is reversed. Reversed.