## FORREST STANGEL v. LAKEHEAD CONSTRUCTION COMPANY AND OTHERS.
## STATE TREASURER, CUSTODIAN OF SPECIAL COMPENSATION FUND.

235 N. W. 2d 200.

October 24, 1975—No. 44828.

*Carroll, Cronan, Roth & Austin, Thomas A. Foster,* and *Timothy W. Waldeck,* for relators.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, and *Kenneth McCoy,* Special Assistant Attorney General, for State Treasurer, Custodian of the Special Compensation Fund.

Heard before Otis, MacLaughlin, and Knutson, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

This case reviews a decision of the Workmen's Compensation Commission denying a claim for reimbursement from the special compensation fund. The only issue is whether the employee was registered so as to entitle the employer and its insurer to reimbursement. We hold that he was registered and reverse.

The employee's injury occurred on March 31, 1972. The compensation judge ordered payments for temporary total disability and found that the amount of permanent partial disability could

not then be determined. Although the employee had a preexisting physical impairment which was affected by the injury, the compensation judge denied relators' claim for reimbursement from the special fund because at the time of his injury he had never been formally registered pursuant to Minn. St. 1971, § 176.131, subd. 4. The commission affirmed.

Minn. St. 176.131, subd. 3, entitles employers to reimbursement from the special compensation fund if the employee's preexisting physical impairment has been registered with the commission prior to the occurrence of the injury for which reimbursement is sought. The issue here is whether the registration of the employee's preexisting physical impairment under an earlier statute had vested in the employer and its insurer a right to reimbursement from the Special Compensation Fund for amounts paid because of the 1972 injury. The resolution of that issue turns on our construction of Minn. St. 1971, § 176.131, subd. 4, in effect on March 31, 1972. That subdivision had been amended by L. 1971, c. 589, § 3, to provide:

"Any employer who hires or retains in his employment any person who has a physical impairment shall file a formal registration for each such employee with the commission in such form as the commissioner may require."

The employer argues that a formal registration was unnecessary because the employee's injuries were already registered with the commission under an earlier statute. The special fund argues that the 1971 amendment requires all affected employers formally to reregister physically impaired employees, and that the prior statute only excused registration but did not provide an alternate method of registration. We hold the employee was registered for purposes of the special fund, and that the legislature did not intend to repeal retroactively prior registrations.

From May 7, 1965, to September 1, 1971, Minn. St. 176.131 provided that an employee was "deemed to be registered" if specified criteria were satisfied. That statute applied to this em-

ployee when he obtained compensation for a February 16, 1971, injury, and his employer was reimbursed from the special fund. The statute then in effect, Minn. St. 1969, § 176.131, subd. 4, provided:

"If the employee's pre-existing physical impairment has been caused by a personal injury for which medical reports, showing the impairment have been filed with the commission and for which a monetary benefit in excess of medical expense, has been paid under chapter 176, the employee shall be deemed to be registered."

The compensation judge at the time of that injury awarded reimbursement from the special fund to the employer and its insurer because it found that employee had previously been compensated for a personal injury and medical reports had been filed with the commission. The order of the compensation judge thus operated as a finding that the employee was deemed to be registered within the meaning of Minn. St. 1969, § 176.131, subd. 4. The employer now argues that because the employee was deemed to be registered within the meaning of that statute, he remains registered and the employer need not comply with the provision of the 1971 amendment which requires formal registration. We agree. We construe the language "deemed to be registered" as providing for automatic registration, not simply as excusing registration altogether. Since Minn. St. 176.131, subd. 5(b), provides that "[r]egistration shall be in effect as long as said impairment exists," it follows that the employee who was deemed to be registered under the terms of Minn. St. 1969, § 176.131, remains registered and that his employer, or its insurer, is entitled to reimbursement.

We also reject an interpretation of the 1971 amendment which would retroactively repeal previous registration. Nothing in the language of that section suggests that such was the legislature's intent. Our conclusion is governed by our decision in Lutz v. Spencer Packing Co. 304 Minn. 1, 229 N. W. 2d 14 (1975) and

Miller v. Norris Creameries, 306 Minn. 79, 235 N. W. 2d 203 (1975), which dealt with similar problems.

In those cases we held that such a construction would impose an inequitable burden on employers, requiring that they constantly monitor changes in the registration law, and would result in discouraging them from hiring handicapped employees. Accordingly, we reverse.

Reversed and remanded to the Workmen's Compensation Commission for further proceedings consistent with this opinion.