ERWIN MILLER v. NORRIS
CREAMERIES AND ANOTHER.
STATE TREASURER, CUSTODIAN OF
SPECIAL COMPENSATION FUND.

250 N. W. 2d 161.

December 23, 1976—No. 46534.

*Jardine, Logan & O'Brien* and *Michael J. Healey,* for relators.
*Warren Spannaus,* Attorney General, and *Kenneth McCoy,* Special Assistant Attorney General, for respondent state treasurer.

Considered and decided by the court without oral argument.

PER CURIAM.

The employer and insurer seek review by writ of certiorari of an order of the Workers' Compensation Board awarding them reimbursement from the special compensation fund for only those amounts of compensation and medical benefits paid to the employee in excess of 52 weeks of disability and $2,000 medical expenses. The issue on appeal is what is the controlling event which determines the amount of reimbursement to which an employer and insurer are entitled under the Workers' Compensation Act.

The employee's back disability was registered with the Workmen's Compensation Commission on August 14, 1970. Minn. St.

1969, § 176.131, applicable on that date, provided in part as follows:

"Subdivision 1. If an employee incurs personal injury and suffers disability that is substantially greater, because of a pre-existing physical impairment, than what would have resulted from the personal injury alone, the employer shall pay all compensation provided by Minnesota Statutes, Chapter 176, but he shall be reimbursed from the special compensation fund for all compensation paid in excess of 26 weeks of monetary benefits and $1,000 in medical expenses, subject to the following exceptions:

"(a) If the personal injury alone results in permanent partial disability to a scheduled member under section 176.101, the monetary and medical expense limitations shall not apply and the employer shall be liable for such compensation, medical expense, and retraining attributable to the permanent partial disability, and he may be reimbursed from the compensation fund only for compensation paid in excess of such disability.

"Subd. 2. If the employee's personal injury shall result in disability or death, *and if the injury, death, or disability would not have occurred except for the pre-existing physical impairment, the employer shall pay all compensation provided by Chapter 176, but shall be reimbursed from the special compensation fund for all such compensation.*" (Italics supplied.)

Effective September 1, 1971, Minn. St. 1969, § 176.131, subd. 1, was amended by L. 1971, c. 589, to limit reimbursement from the special compensation fund for applicable disabilities to compensation paid in excess of 52 weeks of monetary benefits and $2,000 in medical expenses. Subdivision 2 was amended to provide for full reimbursement from the special compensation fund only where the preexisting physical impairment contributing to the second injury is diabetes, hemophilia, or seizures.

On August 1, 1972, the employee sustained a second back injury in the course of his employment, an injury that would not

have occurred "except for" his preexisting back condition. The compensation board held that Minn. St. 1971, § 176.131, in effect at the time of the second injury, controlled the amounts of reimbursement to which the employer and insurer were entitled.

The Workers' Compensation Act is contractual in nature. In Yaeger v. Delano Granite Works, 250 Minn. 303, 308, 84 N. W. 2d 363, 366 (1957), we held that, "[A]ny statute which purports to alter a substantial term of the contract which was in effect at the time the controlling event occurred * * * impairs the obligation of such contract and is therefore unconstitutional." It is the position of the compensation board that the "controlling event" for the purpose of establishing the amounts to be reimbursed from the special compensation fund is the second injury and the legislation in effect on that date governs.

In three recent decisions we have held that registrations which complied with the law in existence on the date the registration was filed were valid and entitled the employer and insurer to reimbursement despite statutory amendments between the date of registration and the second injury with which the registrations would not have complied. Lutz v. Spencer Packing Co. 304 Minn. 1, 229 N. W. 2d 14 (1975); Stangel v. Lakehead Const. Co. 306 Minn. 86, 235 N. W. 2d 200 (1975); Miller v. Norris Creameries, 306 Minn. 79, 235 N. W. 2d 203 (1975). In these cases we determined that the "controlling event" as to the requirements for a valid registration was the registration itself. The employer and insurer herein argue that this is also the "controlling event" with regard to the amount of reimbursement to which they are entitled.

In Miller v. Norris Creameries, *supra,* we emphasized the primary purpose of the special compensation fund legislation is to encourage the employment of handicapped workers. We noted the following in that decision (306 Minn. 84, 235 N. W. 2d 206):

"* * * At the time a handicapped employee is hired, an employer may ascertain whether that employee is 'physically impaired' and, in so doing, determine and evaluate the magnitude

of its potential liability in hiring him. If the right to reimbursement does not vest at the time of registration, however, employers would find it necessary to continually monitor the amendments to the statute and the physical health of their employees and reassess their own risks accordingly."

The amount of compensation an employer must pay before he is reimbursed from the special compensation fund is as much a factor in his assessment of the risk involved in hiring or retaining physically impaired employees as the requirements of a valid registration. In Miller we held that the state could not modify one of those risks without impairing its contract with the employer. The logic of that decision together with the principles of fundamental fairness require that we so hold once again.

Consequently, we hold that the 1971 amendment to subds. 1 and 2 of Minn. St. 1969, § 176.131, must be construed to apply only to employees registered after the effective date of that amendment.

Reversed and remanded to the Workers' Compensation Board for modification of the award in conformity with this opinion.