Frank WESTBERG, Respondent,

v.

JOHNSON BROS. H & H CONSTRUCTORS, et al., Relators,

Dunbrik & Donstone Company, et al., Respondents,

and

State Treasurer, Custodian of the Special Compensation Fund, Respondent.

No. 47903.

Supreme Court of Minnesota.

March 24, 1978.

Halverson, Watters, Bye & Downs, and W. D. Watters, Duluth, for relators.

Martin A. Rieschl, Duluth, for Westberg.

Ochs, Larsen, Klimek & Olson and Candice E. Hektner, Minneapolis, for Dunbrik et al.

Warren Spannaus, Atty. Gen., Kenneth E. McCoy, Sp. Asst. Atty. Gen., St. Paul, for State Treasurer.

## PER CURIAM.

This case brings into question the evidentiary support for a finding that relators, Johnson Bros. H & H Constructors (Johnson) and their compensation insurer, had failed to prove registration of employee as physically impaired prior to the time he sustained a second injury in the course of his employment with Johnson. Relators also contend that the Worker's Compensation Court of Appeals improperly imposed a penalty on them under Minn.St. 176.225, subd. 1(c), for their failure or neglect to pay compensation. We affirm.

Employee injured his back in 1951 while working for Dunbrik & Donstone Company (Dunbrik). He received compensation for temporary total disability from November 27, 1951, to January 15, 1952. On July 8, 1965, while employed by Johnson, employee again injured his back. He sought compensation from both employers and their insurers, and on motion of relators, the state treasurer, as custodian of the special compensation fund, was also joined as a party.

After a hearing in July 1966, Compensation Judge Lawrence C. Boyes [1] found that employee was entitled to temporary total and temporary partial disability benefits to be paid by relators; that as a result of the 1951 and 1965 injuries he had sustained a 5-percent permanent partial disability of the back for which compensation was apportioned equally between the employer-insurers; that the disability sustained by em-

---

1. At the time of the hearing, compensation judges were known as referees of the Industrial Commission.

ployee after the 1965 injury was not substantially greater by reason of the 1951 injury; and that the disability following the 1965 injury occurred regardless of the 1951 injury. Accordingly, Judge Boyes ordered that the claim against the special compensation fund be dismissed [2] and made no findings as to whether the employee had been registered with the Industrial Commission pursuant to Minn.St. 1965, § 176.131, subd. 4 or subd. 5, as having a physical impairment before he sustained the 1965 injury.

The employer-insurers paid the compensation ordered by Judge Boyes' decision. On October 31, 1975, the compensation court granted employee's petition to vacate the 1966 award and to hold a rehearing on the extent of his allegedly increased permanent partial disability. The state treasurer, as custodian of the special compensation fund, was again joined as a party on motion of relators.

After a hearing on August 20, 1976, Compensation Judge John W. Keeler found that employee was temporarily totally disabled from July 8, 1965, to August 31, 1965, temporarily partially disabled during the following month, and permanently and totally disabled from then on; that he sustained a 15-percent permanent partial disability of the back as a result of the 1951 injury and a 10-percent permanent partial disability of the back as a result of the 1965 injury; that the 1951 injury constituted a preexisting physical impairment "which was duly registered with the Industrial Commission (now Department of Labor and Industry) in accordance with then existing applicable statutes (see file number 955873)"; and that employee's temporary disability from July 8 to September 30, 1965, and his permanent total disability thereafter was substantially greater as a result of the combined effects of the preexisting physical impairment resulting from the 1951 injury than what would have resulted from the 1965 injury alone. On the basis of these findings, Judge Keeler ordered Dunbrik and its insurer to pay compensation for the 15-percent permanent partial disability resulting from the 1951 injury and relators to pay compensation for permanent total disability and, if employee ever regained sustained employment, then to pay compensation for the 10-percent permanent partial disability resulting from the 1965 injury. The judge ordered that Dunbrik and its insurer should be reimbursed by the state treasurer for compensation paid in excess of 26 weeks of compensation for disability and medical expenses and expenses incidental thereto in excess of $1,000.

On September 3, 1976, the state treasurer, as custodian of the special compensation fund, filed a notice of appeal from Judge Keeler's decision, specifically from the finding of registration and the consequent determination that the fund should reimburse Dunbrik and its insurer. On November 2, 1976, employee filed a petition for assessment of a penalty against relators because they had not paid him any compensation as required by Judge Keeler's decision. Both the appeal and the petition for penalties were heard before the compensation court on February 15, 1977.

On March 11, that court issued a temporary order directing relator-insurer to pay employee for benefits accruing from July 8, 1965, to July 27, 1976, the date of the hearing before Judge Keeler, and to pay him compensation weekly thereafter until further order of the court. In its subsequent decision now under review, the compensation court affirmed all of Judge Keeler's

---

2. Minn.St. 1965, § 176.131, subd. 1, provided in part: "If an employee incurs personal injury and suffers disability that is substantially greater, because of a pre-existing physical impairment, than what would have resulted from the personal injury alone, the employer shall pay all compensation provided by Minnesota Statutes, Chapter 176, but he shall be reimbursed from the special compensation fund for all compensation paid in excess of 26 weeks of

monetary benefits and $1,000 in medical expenses * * *."

Subdivision 2 provided: "If the employee's personal injury shall result in disability or death, and if the injury, death, or disability would not have occurred except for the pre-existing physical impairment, the employer shall pay all compensation provided by Chapter 176, but shall be reimbursed from the special compensation fund for all such compensation."

findings except that relating to registration. For that finding, it substituted one in which it found that the 1951 injury constituted a preexisting physical impairment—

"* * * but there is a failure of proof of registration with the Industrial Commission (now Department of Labor and Industry) by the employer and as required by law."

The compensation court, on the basis of that finding, held that the special compensation fund was not liable for reimbursement. The compensation court also found that relator-insurer had not taken an appeal from Judge Keeler's determination; that realtors had made no payments of compensation as they were directed to do by that order; and that the lack of payment was in violation of § 176.225, subd. 1(c). The court awarded additional compensation of $1,000 to be paid by relators as a penalty.

■ In this court, relators contend first that the finding quoted above is manifestly contrary to the evidence. It is clear that Dunbrik at no time had formally registered employee as being physically impaired following the 1951 injury, but Minn.St. 1965, § 176.131, subd. 4, enacted shortly before employee sustained his second injury, provided for automatic registration in the following language:

"If the employee's pre-existing physical impairment has been caused by a personal injury for which medical reports, showing the impairment have been filed with the commission and for which compensation has been paid under Chapter 176, the employee shall be deemed to be registered." [3]

Although Judge Keeler in finding that employee had been registered referred to the Industrial Commission's file for the 1951 injury, it is undisputed that in fact the file

had been destroyed at the time of the hearing, no doubt under the authority given by Minn.St. 175.36 for destruction of compensation files and records more than 18 years old. In finding that there was a failure of proof of registration, two members of the compensation court pointed out that they did not know what the file contained; the third member found that § 176.131, subd. 4, plainly required the filing of a medical report showing physical impairment and relators had not proved that such a report had been filed.

While we do not suggest that proof of an automatic registration under subd. 4 cannot be furnished once a file is destroyed, our review of the record, including the transcript of the 1966 hearing at which the file was before Judge Boyes, compels us to conclude that the finding is not manifestly contrary to the evidence, as relators claim. The transcript of the hearing before Judge Boyes establishes that a report of Dr. Dean Bryant, a chiropractor, was filed with the commission early in 1952 and showed that employee was temporarily totally disabled from November 26, 1951, to January 15, 1952, that he had recovered with no permanent disability, and that further medical care was not likely to be needed. These facts of themselves clearly do not describe an injury suggesting physical impairment. There is no evidence of how the report described employee's injury, but from what is known of its contents it cannot be said that they compelled an inference that the report described an injury which had resulted in physical impairment.[4] We conclude that on the evidence before it, the compensation court could properly find a failure of proof of registration.

■ The penalty to which relators object was imposed by the compensation court

**3.** This provision was deleted by a 1971 amendment (L.1971, c. 589, § 3). In *Stangel v. Lakehead Construction Co.*, 306 Minn. 86, 235 N.W.2d 200 (1975), it was held that an employee who had been deemed registered under the deleted provision remains registered in spite of the amendment. Minn.St. 176.131, subd. 5(b), provides that registration shall be effective as long as physical impairment exists. At the time of the second injury, Minn.St. 1965,

§ 176.131, subd. 8, defined "physical impairment" as "any physical or mental condition which is or is likely to be a hindrance or obstacle to obtaining employment."

**4.** See, *DeHaan v. Farmers Union Marketing & Processing Assn.*, 302 Minn. 552, 225 N.W.2d 21 (1975); cf. *Brooks v. Harris Brothers Plumbing Co.*, 296 Minn. 505, 207 N.W.2d 295 (1973).

pursuant to § 176.225, subd. 1(c), which provides in part:

"Upon reasonable notice and hearing or opportunity to be heard, the division or upon appeal, the worker's compensation court of appeals or the supreme court may award compensation, in addition to the total amount of compensation award, of up to 25 percent of that total amount where an employer or insurer has:

\* \* \* \* \* \*

"(c) neglected or refused to pay compensation."

Relators complain that they were not given "reasonable notice" that the petition for penalties would be heard at the same time as the appeal by the special fund. They apparently did not ask for a continuance or object to consideration of the issue at the appeal hearing, however, and they do not suggest that they had evidence to submit on the propriety of the penalty. Employee represents that the parties argued this issue before the compensation court, which suggests that relators had an opportunity to be heard.

Relators also contend it was unfair to assess a penalty against them because, they argue, if reimbursement is not to be made, "it is obvious apportionment would be required as between the two injuries." This argument ignores the fact that in the event of apportionment the compensation court could order the other employer-insurer to reimburse relators for any amount they had paid in excess of their share of the compensation due to employee. What is most significant is that no party has disputed the finding that employee has been permanently totally disabled since October 1965, and there is no reason an employee admittedly so disabled should be compelled to await payment of an award until the ultimate liability of the other parties therefor is determined.

We believe that under the circumstances shown by the record the compensation court properly and fairly exercised its discretion in awarding the penalty.

Employee is allowed attorneys fees of $350.

Affirmed.