Ronald KNAEBLE, Respondent,

v.

CITY OF CRYSTAL, et al., Respondents,

and

Mooney's Inc., et al., Relators.

No. 48485.

Supreme Court of Minnesota.

Nov. 3, 1978.

Van Eps & Gilmore, Minneapolis, for relators.

Vernon Faaberg, St. Louis Park, for respondent Knaeble.

Lasley, Gaughan, Reid & Stich, Minneapolis, for respondent City of Crystal et al.

ROGOSHESKE, Justice.

Certiorari to review a decision of the Workers' Compensation Court of Appeals holding that a compensation insurer who had paid a previously injured and physically impaired employee compensation for disability resulting from a second injury within the purview of Minn. St. 176.131, subd. 1, but had failed to file timely notice of intention to obtain reimbursement from the special compensation fund as required by § 176.131, subd. 6, was entitled to apportion responsibility for the employee's present disability between his prior and later injuries and to obtain contribution from the insurer of the employer in whose employment the prior injury had occurred.[1] We cannot agree that the subsequent employer's insurer is entitled to contribution under the facts of this case and accordingly reverse.

The parties stipulated to the relevant facts. On October 26, 1961, employee sustained a back injury in the course of his employment by Mooney's Inc., for which he was paid temporary total disability, medical expenses, and compensation for a 30-percent permanent partial disability of the back. The injury was automatically registered with the special compensation fund.[2] On June 19, 1974, while employed by the city of Crystal, employee sustained a second injury to his back for which Western Insurance Company, the city's insurer paid him $2,380 for temporary total disability for 23 weeks and 4 days and $8,525 for medical expenses. His disability and medical expenses were caused equally by the 1961 and 1974 injuries.

The city and Western failed to file a timely notice of intention to claim reimbursement from the special compensation fund pursuant to § 176.131, subd. 6.[3] On August 25, 1976, they filed a petition seeking contribution and reimbursement against Mooney's and Iowa National Mutual Insurance Company, its compensation insurer at the time of the 1961 injury. Mooney's and Iowa National contested the claim, alleging that the failure to file a timely notice of intention to claim reimbursement from the

---

1. Minn. St. 176.131, subd. 1, provides in part: "If an employee incurs personal injury and suffers disability that is substantially greater, because of a pre-existing physical impairment, than what would have resulted from the personal injury alone, the employer shall pay all compensation provided by this chapter, but he shall be reimbursed from the special compensation fund for all compensation paid in excess of 52 weeks of monetary benefits and $2,000 in medical expenses * * *."

Minn. St. 176.131, subd. 6, requires filing of notice of intention to claim reimbursement in accord with the rules and regulations of the commissioner of the Department of Labor and Industry. W.C.R. 19 of the Workers' Compensation Rules of Practice requires that notice of intention to claim reimbursement under § 176.-131, subd. 1, be filed within 1 year after payment of sufficient weekly benefits or $2,000 in medical expenses.

2. See, Minn. St. 1961, § 176.13(c). Minn. St. 176.131, subd. 4, now requires any employer who hires or retains in his employment any person who has a physical impairment as defined in § 176.131, subd. 8, to file a formal registration for such employee with the Department of Labor and Industry.

3. The failure to file timely notice was apparently due to inadvertence, which is not "good cause" for extending the time for filing the notice. *Rybus v. Kruetzer Motor Express*, 298 Minn. 435, 215 N.W.2d 611 (1974).

special compensation fund had severely prejudiced them. The fund agreed that had the notice been timely filed, a valid special fund claim would have existed under § 176.-131, subd. 1.

On these facts the compensation judge determined that Western was entitled to recover from Iowa National half of the medical expenses Western had paid and $738.49 representing temporary total disability for 23 weeks and 4 days at the compensation rate of $31.03 per week (50 percent of the temporary total due at Iowa's proportionate compensation rate). In affirming this determination, the court of appeals took the view that Iowa National became liable for apportionment because of Western's failure to file the notice required by § 176.131, subd. 6, and that no reason "in law or in equity" prevented the imposition of such liability.

■ We are compelled to disagree both on statutory and equitable grounds. Considering the latter first, it is true that when an employee has sustained successive injuries, we have approved apportionment of liability in the absence of governing statutes as advancing the compensation principle that the cost of an employer's product or services should proportionately "bear the blood of the workman." But in this case apportionment would clearly contravene the equally important equitable principle that if loss is to fall on one of two innocent parties, equity dictates that it remain with him who was in a position to prevent it. It is undisputed here that the city and Western alone were in a position to prevent the loss they would now shift in part to Mooney's and Iowa National. The latter knew nothing about employee's second injury and consequent disability until contribution was demanded of them and they could have done nothing to prevent the loss sustained by the second insurer through its own inadvertence. Shifting any part of that loss to the prior insurer under the circumstances does not accomplish equity.

Nor do we believe that in enacting the statutory scheme relating to the special compensation fund the legislature intended that a prior employer-insurer who has paid compensation to the employee for the disability caused by his first injury should be required to shoulder part of the compensation paid by a subsequent employer-insurer for disability caused by a successive injury within the purview of § 176.131. We base this conclusion on several reasons.

Two relate to the inequality of treatment accorded the special fund and the employer who retains an employee who suffers an injury resulting in physical impairment if the subsequent employer-insurer who has failed to perfect a claim against the special fund is allowed contribution from a prior employer-insurer. It is settled that § 176.-131 does not authorize the special compensation fund to apportion liability between the first and successive injuries. *Koski v. Erie Mining Co.*, 300 Minn. 1, 223 N.W.2d 470 (1973). There is an inconsistency, apparently not recognized by the court of appeals, in denying the right to apportionment when the special fund seeks it but granting it when a subsequent employer-insurer seeks it after failing through inadvertence to pursue a vested right to obtain reimbursement,[4] subject to the statutory limits, from the special fund. Similarly, an employer who retains an employee who has been injured in his employment and physically impaired thereby could not seek reimbursement from any other source if that employer's insurer paid the employee compensation for disability resulting from a subsequent injury covered by § 176.131, but failed to perfect a claim against the special fund. Thus, if a subsequent employer-insurer is allowed contribution from a prior employer-insurer, the former is accorded a right the employer retaining a physically impaired employee does not have. It seems unlikely the legislature intended such inequality of treatment.

■ A final reason for concluding that requiring contribution would be contrary to the intention and spirit of § 176.131 is the fact that the special compensation fund was

---

4. See, *Miller v. Norris Creameries*, 306 Minn. 79, 235 N.W.2d 203 (1975).

created to pay the compensation for which reimbursement is now being sought. When an employer-insurer pays compensation to an employee when he is first injured and thereby physically impaired, it also pays a proportionate amount of that compensation to the special fund pursuant to § 176.131, subd. 10,[5] and is required to register the employee with the special fund. These acts are all the law requires. Section 176.131 clearly contemplates that such an employer-insurer has no obligation to pay the employee compensation for future disability within the purview of § 176.131. Requiring contribution from such an employer-insurer for compensation which the special fund would have paid but for the inadvertence of a later employer-insurer must be held inconsistent with the statutory scheme set forth in § 176.131.[6]

Reversed.

---

**5.** In this case, pursuant to Minn. St. 1961, § 176.13(e)(2), Mooney's and Iowa National contributed 6 percent of the compensation paid the employee for his permanent partial disability.

**6.** A further ground for denying contribution as contrary to Minn. St. 176.131 is that the legislature apparently intended to treat second and successive industrial injuries aggravating a preexisting disability as separate and distinct injuries for the purposes of § 176.131, since there is no reimbursement from the special fund for compensation paid by the employer-insurer for the first or any nonregistered injury. See, *Koski v. Erie Mining Co.* 300 Minn. 1, 7, 223 N.W.2d 470, 474 (1973).