Willie JONES, Respondent,

v.

HONEYWELL, INC., Respondent,

Hiawatha Metalcraft, Inc., et al., Relators,

The State Treasurer as Custodian of the Special Compensation Fund, Respondent.

No. 49036.

Supreme Court of Minnesota.

June 15, 1979.

Sahr, Kunert & Tambornino and Steven Mattaini, Minneapolis, for relators.

Warren Spannaus, Atty. Gen., Richard Allyn, Sol. Gen., and Harold W. Schultz II, Sp. Asst. Atty. Gen., St. Paul, for State Treasurer.

Lasley, Gaughan, Reid & Stich, Minneapolis, for Honeywell.

Robert Johnson, Minneapolis, for Jones.

Heard and considered by ROGOSHESKE, TODD, and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

Employer Hiawatha Metalcraft, Inc. and its insurer seek review by writ of certiorari of an order of the Workers Compensation Court of Appeals denying them reimbursement from the special compensation fund on the basis that the filing of a medical report did not constitute registration of the fund under the statute in effect when the filing occurred. We affirm.

The facts are undisputed. The employee was first injured on December 3, 1969, while in the employment of Honeywell, Inc. That matter culminated in the execution of a settlement stipulation between the employee and Honeywell, Inc. on May 25, 1972. As part of that litigation, Honeywell, Inc. filed with the Workers Compensation Commission a medical report concerning injury to the employee's hand on January 13, 1970, and a medical report concerning injury to the employee's back on April 13, 1972, both injuries arising from the same incident.

On April 2, 1974, the employee entered the employ of Hiawatha Metalcraft, Inc. (relator), remaining there until the time of his second employment-related back injury on August 11, 1975. Because the employee's physical impairment due to the first injury caused his disability following the second injury to be greater than it would have been without pre-existing impairment, relator and its insured timely filed a Notice of Intention to Claim Reimbursement from the special compensation fund. The compensation judge found that the employee was not registered and denied the claim. The Workers Compensation Court of Appeals affirmed.

The issue on appeal is whether the statute in effect at the time of the employee's first injury governed the procedure for subsequent registration for the special compensation fund. We conclude that it did not.

Minn.St. 176.131, subd. 3, entitles the employer to reimbursement from the special compensation fund if the employee's pre-existing physical impairment has been registered with the Workers Compensation Commission prior to the occurrence of the injury for which reimbursement is sought, which was in this case the second back injury. Relator claims that the procedure for registration of the employee's injury in this case is controlled by Minn.St. 176.131, subd. 4 (1969), which provided that an employee was deemed to be registered for the fund if medical reports pertaining to the first inju-

ry had been filed with the Commission. Relator argues that this statute controls because at the time of the first injury a right to register in the manner then provided by statute vested, not subject to divestment by later statutory amendment.

In this case statutory amendment did occur. By the time the employee's medical report concerning his back was filed in April 1972, automatic registration was no longer recognized by statute, having been repealed by a statutory amendment effective September 1, 1971. As of September 1, 1971, registration was to be made in the following manner:

> "Any employer who hires or retains in his employment any person who has a physical impairment shall file a formal registration for each such employee with the commission in such form as the commission may require." Minn.St. 176.131, subd. 4 (1971).

It is undisputed that the employee was not formally registered.

■ In the area of workers compensation, the event that fixes the rights of the parties under the current law, the controlling event, varies depending on the rights which are in issue. While the controlling event as to the right of the employee to compensation is the date of the compensable injury, *Halverson v. Rolvaag,* 274 Minn. 273, 143 N.W.2d 239 (1966), it does not follow that the separate and distinct right of the employer to reimbursement from the special fund is similarly fixed by that date. In *Miller v. Norris Creameries,* 311 Minn. 343, 250 N.W.2d 161 (1976), we held that the controlling event as to the requirements for a valid registration is the registration itself, and that a registration in compliance with the law in existence when the registration was filed is valid. In this case we hold further that the act alleged to constitute registration, filing the medical report, must comply with the statute in effect at the time of that act. Because filing a medical report was no longer deemed registration at the time of this filing, the workers compensation judge did not err in finding the employee to be unregistered.

■ It is customary in cases such as this to give considerable weight to public policy considerations. Relator argues that the recognized purpose of the special compensation fund, to encourage the hiring of the handicapped, will be thwarted if we do not hold that a registrant is governed by the law in effect at the time of the first injury. We do not agree. Our previous decisions have assured employers that they may rely on their initial assessment of the risk involved in hiring or retaining a physically handicapped employee and that this assessment will remain unaltered by statutory amendments. See, *Miller v. Norris Creameries, supra.* When a handicapped employee is hired or retained, the employer can define and limit its risk by formally registering an unregistered employee under the statute; or, if the employee is believed to have been previously registered, by confirming the validity of the registration. While we have refused to construe statutory amendments as retroactively repealing previous registrations on the basis that it is inequitable to require employees to constantly monitor changes in registration law, *Stangel v. Lakehead Construction Co.,* 306 Minn. 86, 235 N.W.2d 200 (1975), we find no such inequity in the case at bar. It is not unreasonable to require employers to comply with the law in effect when they claim to have registered. In this case relator could have discovered with minimum effort that automatic registration was no longer recognized by statute when the medical report was filed. Relator's failure to formally register or to confirm the alleged registration was not excusable or understandable.

Affirmed.