FLORENCE AMBERG v. OLIVIA NURSING
HOME AND OTHERS.
STATE TREASURER, CUSTODIAN OF
SPECIAL COMPENSATION FUND.

236 N. W. 2d 785.

December 12, 1975—Nos. 45504, 45521.

*Richard D. Allen* and *Mark N. Stageberg,* for relators employer and Home Indemnity Company.

*Victor C. Johnson,* for relators employer and Argonaut Insurance Company.

*Warren Spannaus,* Attorney General, and *Kenneth McCoy,* Special Assistant Attorney General, for respondent state treasurer.

PETERSON, JUSTICE.

The dispositive issue in this case is whether the Workmen's

Compensation Commission, having once accepted the registration of an employee as physically impaired, Minn. St. 176.131, may, after subsequent injury to the employee, review and set aside the registration. Whether the subsequent work-related injuries to the employee are chargeable to the special compensation fund hinges upon the resolution of that issue.

The employee sustained her first injury on January 4, 1967, when employed by relator Olivia Nursing Home, and was awarded compensation for temporary total disability. A few months after her return to that employment, she obtained employment at the Wiman Manufacturing Company, which employer, on September 14, 1967, filed with the Workmen's Compensation Commission a notice of physically impaired employee, pursuant to § 176.131. She returned to her original employment with relator nursing home and was so employed on April 8, 1970, and March 27, 1973, when she sustained second and third injuries in the course of her work with patients.

The commission found that all three injuries involved the employee's back, as to which employee had never been completely symptom-free following her initial injury. The second injury was made substantially greater as the result of the first injury. The medical expenses and disability resulting from the combined effect of the three injuries were apportioned by the commission equally among the three injuries. The commission denied the claim of relator Home Indemnity Company, insurer at the time of the second injury, for reimbursement from the special compensation fund, ruling that the initial registration was invalid.[1]

The registration form filed by Wiman Manufacturing Company on September 14, 1967, was accepted by the commission on January 12, 1968. The commission now takes the position that the medical report accompanying the registration was unacceptable in that it did not, as required by Rule 28, Rules of Prac-

---

[1] Relator Argonaut Insurance Company, insurer at the time of the employee's first injury, also sought review of this determination.

tice of the Workmen's Compensation Commission, show an examination conducted within 60 days preceding the filing and that it insufficiently described the nature and duration of the medical condition and the manner in which the reported physical condition resulted in physical impairment.

We are not here concerned with whether the application for registration of the employee as physically impaired could properly have been rejected for noncompliance with Rule 28 prior to the occurrence of a second injury, for the only issue in this case is whether the application accepted by the commission could be ruled unacceptable after a claim matured for a second injury. Holding that it may not, we reverse the denial of relator's claim for reimbursement.

The action of the commission in reviewing this accepted registration is not authorized by its own Rule 28 and, more importantly, is repugnant to the plain purpose of Minn. St. 176.131. The purpose of the statute is to encourage the employment of handicapped workers. See Quirk v. Electric Machinery Mfg. Co. 306 Minn. 326, 236 N. W. 2d 782 (1975); Miller v. Norris Creameries, 306 Minn. 79, 235 N. W. 2d 203 (1975); and Koski v. Erie Mining Co. 300 Minn. 1, 223 N. W. 2d 470 (1974). This purpose will not be served if an employer may not rely on the fact of registration in its decision to hire or retain handicapped persons.

We held in Miller that "the right to reimbursement from the special compensation fund vests in the employer and its insurer on the date that an employee is registered as suffering from a preexisting physical impairment." 306 Minn. 83, 235 N. W. 2d 205. Lutz v. Spencer Packing Co. 304 Minn. 1, 229 N. W. 2d 14 (1975), is of similar import in its holding that a legislative amendment to Minn. St. 1969, § 176.131, subd. 4, could not be applied retroactively to defeat an "automatic registration" under the preexisting and less restrictive statutory requirements. See, also, Stangel v. Lakehead Const. Co. 306 Minn. 86, 235 N. W. 2d 200 (1975).

The commission in this case has not ruled that Home Indemnity Company had failed to meet its burden of proof on the question of the existence of physical impairment but has ruled only that the registration form which the commission had itself accepted more than 6 years earlier was unacceptable for formal registration. Its own Rule 28, noted in the margin,[2] provides that if the commission deems an application unacceptable, it is to give timely notice to the applicant, with an opportunity for the applicant to be heard on the issue. If the applicant had been advised of the now-asserted deficiencies in the application for registration, the applicant would have had the opportunity either to argue that it was satisfactory or to correct that which the commission would at this late date rule unsatisfactory.

Reversed.

---

[2] Among the provisions of Rule 28, Rules of Practice of the Workmen's Compensation Commission, relevant to the initial acceptance or rejection of applications for registration of physical impairment are these: "(4) The application for registration with satisfactory evidence enumerated in Rules 2 and 3, when accepted by the Workmen's Compensation Commission shall be prima facie evidence of the existence of a physical impairment, but shall not be determinative thereof, and the burden of proof upon this issue shall be upon the party asserting its existence at the time the subsequent injury is sustained.

"(5) Should the Commission deem the application unacceptable prior to the subsequent injury, the applicant may, within 60 days following the receipt of notice of rejection, petition the Commission in writing for a hearing upon said application. A copy of said petition shall be served by the applicant upon the State Treasurer, as Custodian of the Special Compensation Fund and upon the Attorney General."