## LORRAINE E. QUIRK v. ELECTRIC MACHINERY MANUFACTURING COMPANY AND ANOTHER. STATE TREASURER, CUSTODIAN OF SPECIAL COMPENSATION FUND.

236 N. W. 2d 782.

December 12, 1975—No. 45565.

*Lasley, Gaughan, Reid & Stich* and *W. M. Lasley*, for realtors.

*Warren Spannaus*, Attorney General, and *Kenneth McCoy*, Special Assistant Attorney General, for respondent state treasurer.

Heard before Otis, Peterson, and Scott, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

The issue in this workmen's compensation case is whether, for purposes of the second-injury statute, Minn. St. 176.131, the term

"physical impairment" means an impairment of one's body or is limited to impairment of one member of the body. As raised in the circumstances of this case, it is determinative of whether a second injury is chargeable to the special compensation fund.

The employee, Lorraine E. Quirk, worked for the employer, Electric Machinery Manufacturing Company, as a coil taper, work requiring exercise of the hands and wrists. She sustained a personal injury some time prior to January 1, 1969, resulting in a 10-percent permanent partial disability of both hands and wrists. On May 1, 1969, the employer registered her with the Workmen's Compensation Commission under the second-injury statute. Minn. St. 176.131, subd. 3(b). On or about January 6, 1972, as the result of cumulative effects of her employment following that first injury, she sustained a second injury which resulted in permanent total disability.

The employee filed a claim with the Workmen's Compensation Commission, in which the employer, the insurer, and the special compensation fund were eventually joined. The commission denied the claim of the employer-insurer for reimbursement from the special compensation fund, ruling that the first injury did not qualify as a "physical impairment" within the meaning of the statute.

The second-injury statute was enacted to encourage employers to hire or retain workers handicapped by physical impairment. Employers were otherwise reluctant to employ a handicapped person because of their concern that in the event of a subsequent work-related injury the employee's prior condition might cause a substantially greater disability than otherwise, for which the employer would have a greater liability.[1] This statutory purpose was implemented by charging such second injuries to the special compensation fund, relieving employers of part of their liability for compensation of these employees.

[1] See 1971 Recommendations on Amendment of Workmen's Compensation Law made by the Advisory Committee on Workmen's Compensation established by Minn. St. 175.007.

Minn. St. 176.131, subd. 1, provides that if an employee incurs personal injury and suffers disability that is substantially greater "because of a pre-existing physical impairment" than would have resulted from the personal injury alone, the employer shall pay all compensation as provided in the act, but he shall be reimbursed from the special compensation fund for all compensation paid in excess of a certain amount. To qualify for reimbursement the employee must have been registered with the Department of Labor and Industry prior to the second injury. Minn. St. 176.131, subd. 3(b). This provision is intended to deny reimbursement to those employers who were unaware of the prior physical condition and thus would have hired the employee anyway.

Not every "physical impairment" will qualify. The term is defined and limited in subd. 8 of § 176.131 to mean:

"* * * [A]ny physical or mental condition that is permanent in nature * * * which is or is likely to be a hindrance or obstacle to obtaining employment provided that, physical impairment as used herein is limited to the following:

"[(a) to (n) Specified conditions, e. g., epilepsy and diabetes]

"(o) Any other physical impairment for which at least 50 weeks or more of weekly benefits would be payable as permanent partial disability if the physical impairment were evaluated according to standards used in workmen's compensation proceedings, and

"(p) Any other physical impairments of a permanent nature which the commission may by rule prescribe."

It is the language in subd. 8(o) above which is here in issue. The standards used in workmen's compensation proceedings provide 50.6 weeks of benefits as permanent partial disability for an injury such as the employee sustained in this case (44 weeks for both hands and wrists, plus an additional 15 percent for simultaneous injury to two or more members). Minn. St.

176.101, subd. 3(13) and (46). Relators contend that the employee thus had a prior physical impairment for which at least 50 weeks would be payable. The custodian of the special compensation fund contends that the employee had not one, but two separate "physical impairments" of two separate members, and neither was worth 50 weeks. The commission adopted the latter position.

The question whether the language of subd. 8(o) refers to a physical impairment of one's body or a physical impairment of one member of one's body seems to be one of first impression in this court. Dicta in McGuire v. Viking Tool & Die Co. 258 Minn. 336, 347, 104 N. W. 2d 519, 527 (1960), however, in referring to injuries to two separate members as constituting only one physical impairment, stated:

"The 1957 amendment uses the term 'physical impairment' and defines it, and it therefore appears clear that the employee's *head* and *back* injuries and the conditions resulting therefrom were a continuing obstacle to his obtaining employment and therefore constituted *a physical impairment* under the statute." (Italics supplied.)

We think the policy underlying the statute calls for the McGuire construction. Subd. 8(o) uses 50 weeks as a measure of the seriousness of the prior injury or condition. If one employee has a prior injury to one leg worth 52 weeks, and another employee has prior injuries to two legs each worth 26 weeks, we see little reason why the employer should be encouraged to hire one more than the other. In the standards applied in workmen's compensation proceedings each employee has an injury of the same seriousness and presumably each needs assistance in obtaining work. The legislature intended that both should qualify.

The words "physical impairment" or "physical condition" connote an impairment or a condition of some *thing*. Relators argue that for purposes of Minn. St. 176.131, subd. 8(o), as applied to this case, that thing is the employee's body. Respondent argues

that thing is one member of the employee's body. Considering the policy underlying the statute, we agree with relators.

Reversed.