Russell CASE, Respondent,

v.

HART MOTOR EXPRESS,
INC., Relators,

State Treasurer, Custodian of the Special
Compensation Fund, Respondent.

No. 49711.

Supreme Court of Minnesota.

Aug. 3, 1979.

Van Eps & Gilmore, Minneapolis, for relators.

John W. Romine, Minneapolis, for Case.

Warren Spannaus, Atty. Gen., St. Paul, for State Treasurer.

WAHL, Justice.

In this proceeding pursuant to Minn.St. 176.131, subd. 1, to obtain reimbursement from the Special Compensation Fund for compensation paid a physically impaired employee as a consequence of a subsequent injury, the employer and insurer seek review of a decision of the Workers' Compensation Court of Appeals determining that employee's prior physical impairment had not been registered under the automatic registration provision of Minn.St.1967, § 176.131. The decision was based on that

court's view that such registration could be achieved only by strict compliance with the requirement of § 176.131, subd. 4, that "medical reports showing the impairment" be filed with the then Industrial Commission.[1]

Employee sustained a work-related back injury in 1968. He received treatments from a chiropractor, Dr. Ralph DeJarlais, whose reports on employee's condition where filed by the insurer with the Industrial Commission between May 1968 and April 1970. The reports showed a diagnosis of acute lumbar sprain and strain and "probable disc pulsion of L4–5 I.V.D." Employee was also examined by an orthopedic specialist, Dr. Donald Madsen, in October 1968, but his report, although apparently mailed, is not in the files of the compensation division.

In 1976 employee sustained a subsequent injury to his back. The employer and insurer paid compensation and then sought reimbursement in this proceeding. The only medical witness, Dr. Kenath Sponsel, expressed the opinion that employee had sustained some permanent disability in the 1968 injury and that his 1976 injury was substantially greater because of preexisting impairment. The compensation judge and, on appeal, the court of appeals found, however, that employee had not been automatically registered. Adverting to the distinction between the practice of medicine and the practice of chiropractic recognized by this court in *Ingebritson v. Tjernlund Mfg. Co.*, 289 Minn. 232, 183 N.W.2d 553 (1971) in addressing a different issue, the court of appeals held that the chiropractor's reports could not be considered.

■ In our view this technical construction of the statute is not necessary. The clear purpose of requiring the medical reports is to furnish evidence of the physical impairment required for registration. Thus, Minn.St.1967, § 176.131, subd. 5(a), required that registration "be accompanied by satisfactory evidence of such physical impairment." If the chiropractor's reports contained such evidence, they reasonably serve to put the Special Compensation Fund on notice of the employee's impairment. Under such circumstances we hold that they would render unnecessary a strict compliance with the requirement of subd. 4 that medical reports be filed. Cf. *Kelly v. City of Rochester*, 304 Minn. 328, 231 N.W.2d 275 (1975) and the cases cited therein. We believe also that the purpose of § 176.131—encouraging the employment of handicapped workers—will not be advanced if an automatic registration can be rejected solely because information relating to physical impairment is furnished by a chiropractor's reports which, when filed, had been accepted without question by the Industrial Commission. Cf. *Amberg v. Olivia Nursing Home*, 306 Minn. 330, 236 N.W.2d 785 (1975).

■ Since the court of appeals has not passed on the issue of whether the chiropractor's reports described employee's condition sufficiently to furnish evidence of physical impairment within the meaning of § 176.131, subd. 8, we remand for its determination of that issue. See, *DeHaan v. Farmers Union Marketing & Processing Assn.* 302 Minn. 552, 225 N.W.2d 21 (1974).

Reversed and remanded.

---

1. Minn.St.1967, § 176.131, subd. 4, provided in full: "If the employee's pre-existing physical impairment has been caused by personal injury for which medical reports, showing the impairment have been filed with the commission and for which compensation has been paid under Chapter 176, the employee shall be deemed registered."