Betty Lou DORMAN, Employee,

v.

JENNIE–O–FOODS and Sentry
Insurance Company, Relators,

State Treasurer, Custodian of the
Special Compensation Fund,
Respondent.

No. C2–85–1475.

Supreme Court of Minnesota.

Jan. 24, 1986.

Michael D. Aafedt, Steven C. Gilmore, Minneapolis, for employee.

Catherine M. Keane, Sp. Asst. Atty. Gen., Special Compensation Fund, St. Paul, for respondent.

YETKA, Justice.

The sole issue before us in this workers' compensation proceeding is whether Minn. Stat. § 176.131, subd. 3(b) (1984) permitted registration of the employee as physically impaired more than 180 days after her employer and its compensation insurer had received notice of a compensable work injury that employee had sustained on September 20, 1980. The state treasurer, custodian of the Special Compensation Fund, denied a petition for registration filed by the employer-insurer on March 18, 1983, because it had not been filed within 180 days after October 24, 1980, when they had received notice of the injury. The compensation judge upheld the state treasurer's denial, and a divided Workers' Compensation Court of Appeals affirmed. Having concluded that the majority of the WCCA properly applied the statute, we affirm.

The facts are not in dispute. Employee became disabled on September 20, 1980, by bilateral carpal tunnel syndrome. The employer-insurer received notice of her condition October 24, 1980, and paid her temporary total disability benefits. A later claim for further compensation was settled and an award based on the parties' settlement was issued on November 1, 1982.

Dr. William Nolen, who performed carpal tunnel releases in October 1980, sent the employer a medical report in early December 1980 which stated that employee also had cerebral palsy, a disease registrable as a physical impairment pursuant to section 176.131, subd. 8(h). The insurer filed this report with an application for registration on December 4, 1980, and the Special Compensation Fund accepted the registration only for prospective purposes because the medical report did not predate the September 1980 work injury. The record establishes subsequent diligent efforts by the insurer to obtain an earlier medical report. It also establishes that employee herself had never been informed that she had cere-

bral palsy and that her attorney did not learn of it until April 1982.

The insurer succeeded in obtaining a 1977 medical report referring to the cerebral palsy condition in December 1982. Within 180 days after acquiring this report, specifically on March 18, 1983, the employer-insurer filed it together with a second petition for post-injury registration.

In upholding the state treasurer's refusal to accept the second petition and report, the majority of the WCCA reasoned that section 176.131, subdivision 3(b) is unambiguous and required the registration to be accomplished within 180 days after the employer-insurer received notice of the employee's September 1980 work injury. Section 176.131, subd. 3(b) provides:

> To entitle the employer to secure reimbursement from the Special Compensation Fund, the following provisions must be complied with:
>
> \* \* \* \* \* \*
>
> (b) The employee with a pre-existing physical impairment must have been registered with the commissioner prior to the employee's personal injury or within 180 days after notice of the employee's personal injury is received by the employer. Registration subsequent to the injury shall be based on a medical report or record made prior to the injury indicating the pre-existing physical impairment.

We agree with the WCCA that the language of this provision is unambiguous. It is also mandatory. It requires an employer-insurer to register the employee's prior physical impairment within 180 days after they receive notice of the employee's work injury. It requires also that a registration made · after the occurrence of the work injury must be based on a medical report or record predating the work injury and indicating the preexisting physical impairment. In *Berends v. Bell Electric Co., Inc.*, 346 N.W.2d 646 (Minn.1984), we recognized that the statute requires registration of a preexisting impairment to be accomplished within the 180-day time limitation.

In that case, the employee had sustained a compensable back injury in September 1980. He had had a similar injury in 1971, and the employer sought to register the 1971 injury as a preexisting impairment as defined in Minn.Stat. § 176.131, subd. 8(*o*) (1982). The impairment was registrable if the employee would have qualified for 50 weeks of compensation for permanent partial disability—in other words, if the earlier injury had resulted in a 15% permanent partial disability. The employer made its application for registration and filed a medical report predating the 1981 injury which assigned a 10% rating to the 1971 injury, but the Special Compensation Fund rejected the application because of the insufficiency of the rating. The employer-insurer appealed that determination and sought reimbursement from the Special Compensation Fund. During the course of their appeal, but more than 180 days after they had received notice of the work injury, they furnished a medical report based on the 1971 medical records and assigned a 15% permanent partial disability to the 1971 injury. The compensation judge denied reimbursement, and the WCCA affirmed. In this court, the employer-insurer argued that the only evidence they had been required to attach to their application for registration was a medical report which might show sufficient impairment and that they could thereafter supply the required rating at any time. We agreed that the rating of permanent partial disability resulting from the preexisting impairment could be assigned after the occurrence of the present compensable injury so long as it was based solely on the basis of medical records made prior to the second injury, but rejected the argument that the rating could be submitted at any time, saying:

> The argument makes sense *so long as the rating is received within the 180-day registration period.* Subdivision 3(b) of the statute states, however, that a pre-existing physical impairment "must have been registered \* \* \* within 180 days after notice of the employee's personal injury is received by the employer." Without a rating, or with an insufficient

rating, the physical impairment cannot "have been registered" within the 180 days, because it is not registrable without evidence that it meets statutory requirements.

346 N.W.2d at 649 (emphasis added).

In *Berends,* we refused to hold that the legislature had intended to permit an extension of the time for gathering proof of a registrable physical impairment beyond the 180-day period which begins to run when the employer-insurer receive notice of a work injury. Essentially, that is what relators seek to do in this case. They argue that, because of the unusual circumstances of the case and because of their unquestioned diligence in attempting to obtain the prior medical report, the statute should be construed to permit filing of their application for registration and the required medical report within 180 days after they obtained the report. They urge that this construction of the statute will encourage the employment of physically handicapped persons, the recognized purpose of the second injury law. *Koski v. Erie Mining Co.,* 300 Minn. 1, 5–6, 223 N.W.2d 470, 473 (1973).

The employer-insurer urge also that this case is analogous to *Beson v. Carlton College,* 271 Minn. 268, 136 N.W.2d 82 (1965). There, we held that the time limitation in a statute requiring the insurer to file notice of intention to claim reimbursement of compensation paid an employee who had been previously registered as physically impaired could be construed as directory if the delay in filing the notice was not due to fault on the part of the employer-insurer, the notice was given promptly after the employer-insurer knew or had reason to know that a claim had been or was about to be filed against it, and if no material prejudice to the Special Compensation Fund would result. The employer-insurer point also to several "trivial injury" cases, such as *Potter v. Midland Cooperatives, Inc.,* 248 Minn. 380, 80 N.W.2d 59 (1956), holding that the statutory period for giving notice of a work injury to an employer does not begin to run until it becomes reasonably apparent that the injury has resulted in or is likely to result in compensable disability.

Even if section 176.131, subdivision 3(b) had a purpose similar to the purpose of these notice statutes, we are not convinced that the 180-day limit could be extended until the time the employer-insurer acquired the 1977 report. At least, some prejudice to the Special Compensation Fund would be present if registration were permitted 2½ years after the employee's injury. However, in *Beson* and in the trivial injury cases, this court construed statutes which, if literally applied, would defeat rights otherwise recognized—in *Beson,* a right to reimbursement based on a valid registration of a physically impaired employee; in the trivial injury situations, the right of an employee who sustains an apparently trivial, but ultimately disabling, injury to recover compensation. In contrast, here, the statutory provision itself creates a right to reimbursement after an employee with a preexisting, but not registered, physical impairment sustains a compensable work injury.

In providing for that right, the legislature required that the physically impaired employee "must have been registered * * within 180 days after notice of the employee's personal injury is received by the employer." It was, of course, aware of the purpose of the second injury law, but appears to have determined that the 180-day period after notice of the work injury is a reasonable amount of time in which to permit an employer to determine whether or not an injured employee was previously physically impaired and, if so, to obtain the required medical report to establish the impairment. To accept the position of the employer-insurer that, because they were unable to gather this evidence within 180 days after obtaining notice of the injury, the statute must be construed to permit them to furnish it within 180 days after they did obtain it would, in effect, remove the statutory time limit. We decline so to construe the statute.

Affirmed.

PETERSON, J., took no part in the consideration or decision of this matter.