Bruce **MERTES**, Respondent,

v.

**NATIONAL STEEL PELLET COMPA-NY**, Self–Insured, Relator,

and

**Special Compensation Fund,**
**Intervenor, Respondent.**

No. C8–90–2421.

Supreme Court of Minnesota.

March 15, 1991.

T. Michael Kilbury, Larry J. Peterson & Associates, St. Paul, for appellant.

Steven M. Bradt, Bradt, Ewens & Kearney, Grand Rapids, Sara J. Stoltman, Special Compensation Fund, St. Paul, for respondent.

YETKA, Justice.

Certiorari was granted to review a decision of the Workers' Compensation Court of Appeals affirming a denial of "second injury" registration under Minn.Stat. § 176.131 (1988). Concluding that a technically deficient application for second-injury registration may have been curable, we reverse and remand for further proceedings.

The basic facts are not in dispute. In 1985, Bruce Mertes sustained a personal injury to the low back while working for H.A. Hanna Company, which accepted liability and paid temporary total benefits in the amount of $25,010.93 as well as medical benefits in the amount of $8,241.94. On May 13, 1988, the H.A. Hanna Company filed an Application for Registration of Physical Impairment with the Workers' Compensation Division pursuant to Minn. Stat. § 176.131, subd. 8(t) (1988).[1]

---

**1.** Minn.Stat. § 176.131, subd. 8 (1988) provides in relevant part as follows:

"Physical impairment" means any physical or mental condition that is permanent in nature, whether congenital or due to injury, disease or surgery and which is or is likely to be a hindrance or obstacle to obtaining employment, except that physical impairment is limited to the following:

\* \* \* \* \* \*

(t) Any other physical impairment resulting in a disability rating of at least ten percent of the whole body if the physical impairment were evaluated according to standards used in workers' compensation proceedings \* \* \*.

On August 30, 1988, while the application was pending before the Workers' Compensation Division, the employee sustained another work-related injury while working for National Steel Pellet Company, which accepted liability, has paid, and continues to pay the employee's wage loss and medical benefits.

On December 8, 1988, the division rejected the Application for Registration. The reason for the rejection was stated as follows:

STATE THE AMOUNT OF PERMANENT PARTIAL DISABILITY BY PERCENTAGE OF BODY AS A WHOLE. THE RATINGS MUST CONFORM TO THE WORKERS COMPENSATION STATUTES 8 MCAR SS 1.9001–1.9025 OR 5223.0010–5223.0250. PLEASE STATE SCHEDULE SECTION(S) AND SUBPART(S) USED TO SUPPORT THE RATING.

On January 17, 1989, National Steel filed a petition for hearing on the rejected registration. The matter came on for hearing before a compensation judge from the Office of Administrative Hearings who denied the petition for registration, finding the medical evidence accompanying the application insufficient. The compensation judge further determined that the applicant could not amplify the original application. On appeal, the Workers' Compensation Court of Appeals affirmed. This appeal by writ of certiorari followed.

Recently, we reiterated that the "basic purpose of the Minnesota second-injury fund has been to encourage employers to retain or hire the physically handicapped. The statutory scheme imposes liability on the employer for injuries sustained by employees who had physical disabilities prior to the time they were hired. The employer then has a right to seek reimbursement from the Special Compensation Fund once certain statutory requirements are met." *Schreiner v. C.S. McCrossan, Inc.*, 465 N.W.2d 917, 919 (Minn., 1991). One of the basic requirements for reimbursement is registration of the preexisting physical impairment. Minn.Stat. § 176.131, subd. 3(b). Subdivisions 5(a) and 8(t) require that the registration be accompanied by satisfactory medical evidence of physical impairment resulting in a disability rating of at least 10 percent if evaluated under the workers' compensation rules.

At the outset, we note National Steel's objections to the determination as to the sufficiency of the medical evidence submitted with the application. We are satisfied, however, that the findings of the compensation judge, as affirmed, are not manifestly contrary to the evidence. *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn.1984); *Egeland v. City of Minneapolis*, 344 N.W.2d 597 (Minn.1984). Nevertheless, it seems to us that, in view of the extensive disability resulting from the 1985 injury, the applicant may have been able to correct the deficiency and should have been allowed the opportunity to do so.

Normally, when the division gives notice that an application is unacceptable, there is an opportunity to correct that which the division deems unsatisfactory. *See Amberg v. Olivia Nursing Home*, 306 Minn. 330, 333, 236 N.W.2d 785, 786–87 (1975); Minn.R. 5220.2680, subd. 4. It therefore seems to us that an employer such as National Steel ought not be denied the same opportunity to correct any asserted deficiencies simply because of the intervening injury. Although the division is not required to hold all applications for registration open indefinitely, *Berends v. Bell Electric Co., Inc.*, 346 N.W.2d 646, 650 (Minn. 1984), we believe that, at least in situations such as this, a technically deficient registration application that can be, and is, later cured in a timely manner should be effective as of the date of the initial filing so as not to invalidate what would otherwise have been a valid registration. Accordingly, we reverse the decision of the Workers' Compensation Court of Appeals affirming the denial of the application for registration and remand the matter for purposes of allowing National Steel the opportunity to correct that which the division had ruled insufficient.

Reversed and remanded.