Joseph M. SENSER, Respondent,

v.

MINNESOTA VIKINGS FOOTBALL
and Home Insurance Company,
Respondent,

and

Minnesota Vikings Football, Self–
Insured, Respondent,

and

State Treasurer, Custodian of
the Special Compensation
Fund, Relator.

No. C4–91–868.

Supreme Court of Minnesota.

Aug. 16, 1991.

Rehearing Denied Sept. 30, 1991.

Scott R. Strand, Asst. Atty. Gen., Jon K. Murphy, Sp. Asst. Atty. Gen., St. Paul, for Special Compensation Fund.

Theodore M. Stone, Minneapolis, for Joseph Senser.

James F. Mewborn, Edina, for Minnesota Vikings Football and Home Ins. Co.

James R. Waldhauser, Diane M. Drewry, Minneapolis, for Minnesota Vikings Football.

TOMLJANOVICH, Justice.

The Workers' Compensation Court of Appeals reversed a compensation judge's determination that the employer had not filed a valid application for retroactive registration under the second injury law. We reverse and reinstate the decision of the compensation judge.

The facts on which the Workers' Compensation Court of Appeals' decision rests, briefly stated, are as follows:

Joseph M. Senser, a professional athlete employed by the Minnesota Vikings Football Club, sustained a right knee injury during a home game against the Green Bay Packers on November 29, 1981; and on December 14, 1984, the employee reinjured his right knee during a practice session. This injury was reported to the team trainer and also to the team physician. In July 1985, the employee retired from football because of his right knee disability; and in March 1986, the employee underwent proximal tibial osteotomy surgery because of persisting right knee problems.

In May 1987, the employee filed a claim petition against the Vikings alleging knee

injuries on November 29, 1981, and December 14, 1984.[1] On July 7, 1987, the employer filed an application for retroactive registration of the employee's 1981 injury with the Special Compensation Fund under the 1984 second injury law, Minn.Stat. § 176.-131, sub. 3(b) (1984), a provision that had been repealed effective August 1, 1986. 1986 Minn. Laws, ch. 461, §§ 18 and 19.

The compensation judge determined the employer had not filed a valid retroactive registration within 180 days of notice of the injury where the employer had notice of the injury as early as December 14, 1984, and no later than March 1986. On appeal, the Workers' Compensation Court of Appeals reversed, concluding the employer did not have notice of the December 1984 injury until the employee filed his claim petition in 1987. By writ of certiorari, the Special Compensation Fund sought reversal of the registration determination.

■ The Minnesota Second Injury Law provides for reimbursement to employers of compensation paid for an injury made substantially greater because of a preexisting physical impairment. One of the basic requirements for reimbursement is the registration of the physical impairment; and the registration provision in effect on the date of the employee's 1984 injury allowed for post-second-injury registration so long as it was accomplished within 180 days after the employer received notice of the injury.[2] The requirements of post-injury registration are mandatory and unambiguous. *Dorman v. Jennie–O–Foods,* 380 N.W.2d 490 (Minn.1986).

■ The Special Compensation Fund argues that where there was evidence the employee promptly reported the second injury to his employer on December 14, 1984, and that the team doctor as well as the business manager were fully aware of the employee's knee condition and need for further surgery in March 1986, the Workers' Compensation Court of Appeals should have affirmed the finding that the registration application, filed in July 1987, was not valid. We agree the registration in this case was not accomplished within 180 days after notice of injury. Accordingly, we reverse the decision of the Workers' Compensation Court of Appeals and reinstate the compensation judge's finding pertaining to the registration application.[3]

Reversed.

1. The employee later claimed a *Gillette*-type injury culminating in disability in December 1984. *See Gillette v. Harold, Inc.,* 257 Minn. 313, 101 N.W.2d 200 (1960).

2. Minn.Stat. § 176.131, subd. 3(b) (1984) provides:
   The employee with a pre-existing physical impairment must have been registered with the commissioner [of labor and industry] prior to the employee's personal injury or within 180 days after notice of the employee's personal injury is received by the employer. Registration subsequent to the injury shall be based on a medical report or record made prior to the injury indicating the pre-existing physical impairment.
   The 180–day period for post-second-injury registration was added by the legislature in 1979. Prior to that time, the pre-existing impairment had to be registered before the occurrence of the second injury. 1979 Minn. Laws, Ex.Sess., ch. 3, § 39. In 1986, the legislature again amended the provision to delete the post-injury registration allowance, thus restoring the

requirement that the registration occur prior to the second injury. 1986 Minn. Laws, ch. 461, § 19.
   Generally, the law in effect at the time of injury governs rights and liabilities regarding compensation. *Schreiner v. C.S. McCrossan, Inc.,* 465 N.W.2d 917 (Minn.1991). The Special Compensation Fund argues that it is the law in effect at the time of registration that governs the validity of that registration. Neither the compensation judge nor the Workers' Compensation Court of Appeals addressed this issue; and we see no need to address the issue here either.

3. The employer argues that under *Amberg v. Olivia Nursing Home,* 306 Minn. 330, 236 N.W.2d 785 (1975), the Workers' Compensation Court of Appeals properly determined the Fund was "estopped" from denying the validity of a registration that had been accepted. *Amberg,* a pre-second-injury registration case involving a technically deficient but curable registration application, simply has no bearing on the post-second-injury registration situation presented in this case.