**Eric T. SHIVELY, Employee,**

v.

**MEL RAEKER CONSTRUCTION CO., and MN W.C. Assigned Risk/Berkley Admin., Respondents,**

**and**

**Special Compensation Fund, Relator.**

No. C0–97–2386.

Supreme Court of Minnesota.

April 23, 1998.

---

Sara J. Stoltman, St. Paul, for relator.

Douglas J. Brown, Minneapolis, for respondents.

## OPINION

GARDEBRING, Justice.

Certiorari was granted to review a decision of the Workers' Compensation Court of Appeals reversing the denial of reimbursement to the employer/insurer from the special compensation fund and ordering reimbursement. Because we hold that the application

for registration of physical impairment was ineffective to register the employee's pre-existing physical impairment, we reverse and reinstate the denial of reimbursement.

Minnesota Statute section 176.131 (1990) ("second-injury law") entitled an employer to be reimbursed from the special compensation fund for monies paid on a workers' compensation claim if the injured employee had a pre-existing physical impairment that had been registered with the Workers' Compensation Division of the Department of Labor and Industry prior to the date of the injury, and a proper claim for reimbursement was made. The legislature repealed the second injury law in 1992, but the law remained in effect for injuries that occurred prior to July 1, 1992. Act of April 28, 1992, ch. 510, art. 3, § 36, 1992 Minn. Laws 589, 625.

On November 2, 1989, Eric Shively sustained a compensable ankle injury while employed by Mel Raeker Construction Company. The injury was made substantially worse because of Shively's pre-existing diabetes. On November 8, 1990, the employer and its workers' compensation insurer, Minnesota Assigned Risk Plan, filed a notice of intention to claim reimbursement from the special compensation fund under the second-injury law. Attached to the notice was a copy of an Application for Registration of Physical Impairment form that had been date-stamped as having been received on April 10, 1987 by the Department of Labor and Industry, Workers' Compensation Division ("division"). The registration form included the disability to be registered, the signature of a Mayo Clinic physician, and the number "2–516–136" in the far upper left-hand corner.[1] The application form included no information as to either employee or employer, nor did it identify the person to whom confirmation of the registration should be directed. The division neither formally accepted nor formally rejected the application.

The special compensation fund denied the claim for reimbursement on the ground that Shively was not registered prior to his injury. The case was submitted to a compensation

1. The parties stipulated that the number on the registration form matched the employee's Mayo Clinic chart number.

judge on stipulated facts. The compensation judge denied the employer's claim for reimbursement, concluding that where the employee's identity had not been included on the registration form, he had not been registered as required by Minn.Stat. § 176.131, subd. 3(b), and that the employer had not relied on Shively's registration when it decided to hire him. On appeal, the Workers' Compensation Court of Appeals reversed, concluding that the identity of the employee was not necessary for an otherwise valid registration and that the special compensation fund had not been prejudiced by the delay in being provided with the employee's identity.

The issue in this case is whether Shively was properly registered as required by the second-injury law, Minn.Stat. § 176.131, prior to his November 2, 1989 injury. This court has previously stated that a technically deficient registration application "that can be, and is, later cured in a timely manner should be effective as of the date of the initial filing so as not to invalidate what would otherwise have been a valid registration." *Mertes v. National Steel Pellet Co.*, 466 N.W.2d 744, 745 (Minn.1991). However, we have also concluded that the division need not hold registration applications open indefinitely. *Berends v. Bell Elec. Co., Inc.*, 346 N.W.2d 646, 650 (Minn.1984). In this case, the Workers' Compensation Court of Appeals concluded that where the registration application contained satisfactory evidence of a qualified impairment, the failure to include the name of the employee was more in the nature of a technical deficiency than a failure of registration. We disagree.

In the case before us, the application for registration identified neither the employer nor the employee. Not only was the name of the employee missing, but virtually all identifying information (such as address or social security number) was lacking. Under such circumstances, we hold that the application for registration submitted to the division on April 10, 1987, was not in substantial compliance with the registration requirements of section 176.131. *See Jones v. Honeywell, Inc.*, 281 N.W.2d 696 (Minn.1979) (concluding that filing of medical report did not consti-

tute registration); *Boltz v. Armour Agric. Chem. Co.*, 269 Minn. 482, 131 N.W.2d 624 (1964) (holding that the commission's actual knowledge of a pre-existing disability did not excuse compliance with registration). Consequently, we reverse the decision of the Workers' Compensation Court of Appeals and reinstate the decision of the compensation judge.

Reversed and decision of compensation judge reinstated.